E-FILED
Monday, 21 May, 2012  10:24:45 AM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
FORD COUNTY, ILLINOIS

| | |
|---|---|
| ROBERT NOBLE, | ) |
| Plaintiff, | ) |
| vs | ) 12-LM-7 |
| VILLAGE OF ELLIOTT, ILLINOIS, a municipal corporation, WYATT'S COLLISION, REPAIR, LLC, TRACY MOTT, in his individual capacity, CURTIS MILLER, in his individual capacity and FORD COUNTY, Illinois, A Municipal Corporation, | ) |
| Defendants. | ) |

FILED IN THE CIRCUIT COURT
OF FORD COUNTY ILLINOIS
APR 0 3 2012
Kim Evans
CLERK

### VERIFIED COMPLAINT AT LAW

NOW COMES the Plaintiff, ROBERT NOBLE, by and through his attorney of record, JUDE M. REDWOOD, and for his COMPLAINT states:

### COUNT I - UNREASONABLE SEARCH AND SEIZURE
### ALLEGED AGAINST ALL DEFENDANTS

1. This is a civil action arising under the Fourth Amendment to the United States Constitution, The Civil Rights Act of 1964 - 42 U.S.C. § 1983 and §1988, and The Illinois Constitution, Article I §6 and §12.

2. Plaintiff ROBERT NOBLE (Noble) was, at all times relevant, a resident of the Village of Elliott, Illinois.

3. Defendant TRACY MOTT (Mott) was, at all times relevant, the President of the Board of Trustees of the VILLAGE OF ELLIOTT, Illinois and he personally ordered the towing of Nobler's vehicle. He is sued in his individual capacity. At all times relevant hereto he was acting under color of state law as the Village President.

4. The VILLAGE OF ELLIOTT, ILLINOIS (Village) is a municipal

1

corporation in the County of Ford, State of Illinois. The Village has an Ordinance that regulates Abandoned, Inoperable Motor Vehicles - Title 4, Chapter 1, Section 4-1-1 et seq, which was used to seize Noble's vehicle and this Ordinance is enforced in the Village of Elliott by the Board of Trustees.

5.  CURTIS MILLER (Miller) is a Deputy of the Sheriff of Ford County, an elected sheriff of the County of Ford, State of Illinois. At all times relevant hereto Deputy Miller was acting under color of state law. He is sued in his individual capacity.

6.  Defendant COUNTY OF FORD, ILLINOIS (County) is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 946 (7th Cir. 2003).

7.  WYATT'S COLLISION REPAIR, LLC (Wyatt's) is a privately owned LLC which effected the actual towing of Noble's vehicle, under orders of Mott and Miller and was therefore acting under color of state law at all times relevant hereto.

8.  Noble owns a residential property in the Village of Elliott, located at 214 E. Market Street, in an area zoned I-1 (Industrial).

9.  On or about March 2010, Noble's son owned a 1989 Dodge Spirit which was parked on Noble's residential property, which was inoperable and covered by a tarp.

10.  On or about March 2010, someone from the Village of Elliott and/or the Ford County Sheriff's Department came to Plaintiff's residential property and, pursuant to the Ordinance, placed a tow sticker on the 1989 Dodge Spirit, a car belonging to Noble's son, which was a notice that the 1989 Dodge Spirit would be towed if not put into compliance with the Ordinance.

11.  No other vehicles owned by Noble were tagged in 2010.

12.  One week after his 1989 Dodge Spirit was tagged, Noble's son sold that vehicle for scrap, in order to be in compliance with the Ordinance and later in March

2

2010 Noble personally informed Mott that the vehicle was gone.

13.   On April 9, 2010, Mott and Miller entered upon Noble's private property at 214 E. Market Street, Elliott, IL and seized one (1) vehicle, a 1995 Dodge Intrepid, with the assistance of Wyatt who, at the orders and direction of Miller and Mott, used his tow truck to seize Noble's aforesaid vehicle.

14.   On the date that Noble's vehicle was seized, it was parked within the curtilage of his private property, it was not blocking a roadway or a sidewalk or any throughway in the Village of Elliott and it was not any kind of a hazard to traffic or pedestrians.

15.   On the date that Noble's 1995 Dodge Intrepid was seized, it was completely operable and had not been previously tagged by the Village or the Sheriff's Department.

16.   The 1995 Dodge Intrepid was owned, absolutely and unconditionally, by Noble.

17.   Noble had the absolute and unconditional right to immediate possession of the 1995 Dodge Intrepid which was seized.

18.   At the time that the aforesaid defendants seized Noble's vehicle, they did not have a warrant issued by a magistrate for the seizure of the vehicle.

19.   At the time that the aforesaid defendants seized Noble's vehicle, Noble did not receive an opportunity for a pre-deprivation hearing.

20.   Noble's vehicle was locked up somewhere and Noble was given no post-deprivation notice or hearing of any kind.

21.   When it was towed, Noble's 1995 Dodge Intrepid contained an operable Stihl chainsaw valued (used) at $275.00 which was inoperable when Noble got it back.

22.   Noble learned that Wyatt had towed his 1995 Dodge Intrepid from a

3

neighbor.

23. On April 10, 2010, Noble told Mott that the 1995 Dodge Intrepid had been wrongfully towed and he demanded that it be returned without expense to Noble.

24. Mott refused to return the 1995 Dodge Intrepid and its contents.

25. Noble paid a towing fee of $200.00 to Wyatt to get the 1995 Dodge Intrepid back, which Noble parked on the curtilage of his residential property in Elliott.

26. The defendants, acting under color of state law and pursuant to the Village of Elliott Ordinance, knowingly, willfully, wantonly or recklessly and with a callous disregard for Robert Noble's constitutional rights searched Noble's private property and seized a vehicle belonging to and in the possession of Robert Noble without a judicial warrant, without exigent circumstances and without consent in violation of 42 U.S.C. §1983 and the Fourth Amendment to the Constitution of the United States, in contravention of firmly established federal law.

27. As a proximate result of the defendants' illegal actions, Noble suffered economic damages, loss of property, humiliation, mental anguish, great indignity, resentment and great aggravation.

WHEREFORE, Plaintiff ROBERT NOBLE prays for judgment against defendants Village of Elliott, Illinois, Wyatt's Collision Repair, LLC, Tracy Mott, Curtis Miller, and County of Ford, Illinois, jointly and severally, as follows:

a. Compensatory damages in excess of $15,000.00;

b. Punitive Damages, as specifically allowed under 42 U.S.C. §1983;

c. Reasonable Attorney's Fees, as specifically allowed under 42 U.S.C. §1988;

d. The costs of suit incurred herein; and

e. For such other and further relief as this court deems just.

## COUNT II - DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW - ALLEGED AGAINST ALL DEFENDANTS

1. This is a civil action arising under the Fourteenth Amendment to the United States Constitution, The Civil Rights Act of 1964 - 42 U.S.C. § 1983 and §1988, and The Illinois Constitution, Article I §2 and §12.

2. Plaintiff ROBERT NOBLE (Noble) was, at all times relevant, a resident of the Village of Elliott, Illinois.

3. Defendant TRACY MOTT (Mott) was, at all times relevant, the President of the Board of Trustees of the VILLAGE OF ELLIOTT, Illinois and he personally ordered the towing of Nobler's vehicle. He is sued in his individual capacity. At all times relevant hereto he was acting under color of state law as the Village President.

4. The VILLAGE OF ELLIOTT, ILLINOIS (Village) is a municipal corporation in the County of Ford, State of Illinois. The Village has an Ordinance that regulates Abandoned, Inoperable Motor Vehicles - Title 4, Chapter 1, Section 4-1-1 et seq, which was used to seize Noble's vehicle and this Ordinance is enforced in the Village of Elliott by the Board of Trustees.

5. CURTIS MILLER (Miller) is a Deputy of the Sheriff of Ford County, an elected sheriff of the County of Ford, State of Illinois. At all times relevant hereto Deputy Miller was acting under color of state law. He is sued in his individual capacity.

6. Defendant COUNTY OF FORD, ILLINOIS (County) is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 946 (7th Cir. 2003).

7. WYATT'S COLLISION REPAIR, LLC (Wyatt's) is a privately owned LLC. which effected the actual towing of Noble's vehicle, under orders of Mott and Miller and was therefore acting under color of state law at all times relevant hereto.

5

8.     Noble owns a residential property in the Village of Elliott, located at 214 E. Market Street, in an area zoned I-1 (Industrial).

9.     On or about March 2010, Noble's son owned a 1989 Dodge Spirit which was parked on Noble's residential property, which was inoperable and covered by a tarp.

10.    On or about March 2010, someone from the Village of Elliott and/or the Ford County Sheriff's Department came to Plaintiff's residential property and, pursuant to the Ordinance, placed a tow sticker on the 1989 Dodge Spirit, a car belonging to Noble's son, which was a notice that the 1989 Dodge Spirit would be towed if not put into compliance with the Ordinance.

11.    No other vehicles owned by Noble were tagged in 2010.

12.    One week after his 1989 Dodge Spirit was tagged, Noble's son sold that vehicle for scrap, in order to be in compliance with the Ordinance and later in March 2010 Noble personally informed Mott that the vehicle was gone.

13.    On April 9, 2010, Mott and Miller entered upon Noble's private property at 214 E. Market Street and seized one (1) vehicle, a 1995 Dodge Intrepid, with the assistance of Wyatt who, at the orders and direction of Miller and Mott, used his tow truck to seize Noble's aforesaid vehicle.

14.    On the date that Noble's vehicle was seized, it was parked within the curtilage of his private property, it was not blocking a roadway or a sidewalk or any throughway in the Village of Elliott and it was not any kind of a hazard to traffic or pedestrians.

15.    On the date that Noble's 1995 Dodge Intrepid was seized, it was completely operable and had not been previously tagged by the Village or the Sheriff's Department.

16.    The 1995 Dodge Intrepid was owned, absolutely and unconditionally, by

6

Noble.

17. Noble had the absolute and unconditional right to immediate possession of the 1995 Dodge Intrepid which was seized.

18. At the time that the aforesaid defendants seized Noble's vehicle, they did not have a warrant issued by a magistrate for the seizure of the vehicle.

19. At the time that the aforesaid defendants seized Noble's vehicle, Noble did not receive an opportunity for a pre-deprivation hearing.

20. Noble's vehicle was locked up somewhere and Noble was given no post-deprivation notice or hearing of any kind.

21. When it was towed, Noble's 1995 Dodge Intrepid contained an operable Stihl chainsaw valued (used) at $275.00 which was inoperable when Noble got it back.

22. Noble learned that Wyatt had towed his 1995 Dodge Intrepid from a neighbor.

23. On April 10, 2010, Noble told Mott that the 1995 Dodge Intrepid had been wrongfully towed and he demanded that it be returned without expense to Noble.

24. Mott refused to return the 1995 Dodge Intrepid and its contents.

25. Noble paid a towing fee of $200.00 to Wyatt to get the 1995 Dodge Intrepid back, which Noble parked on the curtilage of his residential property in Elliott.

26. The defendants, acting under color of state law and pursuant to the Village of Elliott Ordinance, knowingly, willfully, wantonly or recklessly and with a callous disregard for Robert Noble's constitutional rights seized a vehicle belonging to and in the possession of Robert Noble without notice and without giving Robert Noble an opportunity for a hearing in violation of 42 U.S.C. §1983 and the Fourteenth Amendment to the Constitution of the United States, in contravention of firmly

7

established federal law.

27.  As a proximate result of the defendants' illegal actions, Noble suffered economic damages, loss of property, humiliation, mental anguish, great indignity, resentment and great aggravation.

WHEREFORE, Plaintiff ROBERT NOBLE prays for judgment against defendants Village of Elliott, Illinois, Wyatt's Collision Repair, LLC, Tracy Mott, Curtis Miller, and County of Ford, Illinois, jointly and severally, as follows:

a.  Compensatory damages in excess of $15,000.00;

b.  Punitive Damages, as specifically allowed under 42 U.S.C. §1983;

c.  Reasonable Attorney's Fees, as specifically allowed under 42 U.S.C. §1988;

d.  The costs of suit incurred herein; and

e.  For such other and further relief as this court deems just.

## COUNT III - VIOLATION OF EQUAL PROTECTION OF THE LAW - ALLEGED AGAINST ALL DEFENDANTS

1.  This is a civil action arising under the Fourteenth Amendment to the United States Constitution, The Civil Rights Act of 1964 - 42 U.S.C. § 1983 and §1988, and The Illinois Constitution, Article I §2 and §12.

2.  Plaintiff ROBERT NOBLE (Noble) was, at all times relevant, a resident of the Village of Elliott, Illinois.

3.  Defendant TRACY MOTT (Mott) was, at all times relevant, the President of the Board of Trustees of the VILLAGE OF ELLIOTT, Illinois and he personally ordered the towing of Nobler's vehicle. He is sued in his individual capacity. At all times relevant hereto he was acting under color of state law as the Village President.

4.  The VILLAGE OF ELLIOTT, ILLINOIS (Village) is a municipal

corporation in the County of Ford, State of Illinois. The Village has an Ordinance that regulates Abandoned, Inoperable Motor Vehicles - Title 4, Chapter 1, Section 4-1-1 et seq, which was used to seize Noble's vehicle and this Ordinance is enforced in the Village of Elliott by the Board of Trustees.

5. CURTIS MILLER (Miller) is a Deputy of the Sheriff of Ford County, an elected sheriff of the County of Ford, State of Illinois. At all times relevant hereto Deputy Miller was acting under color of state law. He is sued in his individual capacity.

6. Defendant COUNTY OF FORD, ILLINOIS (County) is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 946 (7th Cir. 2003).

7. WYATT'S COLLISION REPAIR, LLC (Wyatt's) is a privately owned LLC which effected the actual towing of Noble's vehicle, under orders of Mott and Miller and was therefore acting under color of state law at all times relevant hereto.

8. Noble owns a residential property in the Village of Elliott, located at 214 E. Market Street in an area zoned I-1 (Industrial).

9. On or about March 2010, Noble's son owned a 1989 Dodge Spirit which was parked on Noble's residential property, which was inoperable and covered by a tarp.

10. On or about March 2010, someone from the Village of Elliott and/or the Ford County Sheriff's Department came to Plaintiff's residential property and, pursuant to the Ordinance, placed a tow sticker on the 1989 Dodge Spirit, a car belonging to Noble's son, which was a notice that the 1989 Dodge Spirit would be towed if not put into compliance with the Ordinance.

11. No other vehicles owned by Noble were tagged in 2010.

12. One week after his 1989 Dodge Spirit was tagged, Noble's son sold that vehicle for scrap, in order to be in compliance with the Ordinance and later in March

9

2010 Noble personally informed Mott that the vehicle was gone.

13. On April 9, 2010, Mott and Miller entered upon Noble's private property at 214 E. Market Street, Elliott, IL and seized one (1) vehicle, a 1995 Dodge Intrepid, with the assistance of Wyatt who, at the orders and direction of Miller and Mott, used his tow truck to seize Nobel's aforesaid vehicle.

14. On the date that Noble's vehicle was seized, it was parked within the curtilage of his private property, it was not blocking a roadway or a sidewalk or any throughway in the Village of Elliott and it was not any kind of a hazard to traffic or pedestrians.

15. On the date that Noble's 1995 Dodge Intrepid was seized, it was completely operable and had not been previously tagged by the Village or the Sheriff's Department.

16. The 1995 Dodge Intrepid was owned, absolutely and unconditionally, by Noble.

17. Noble had the absolute and unconditional right to immediate possession of the 1995 Dodge Intrepid which was seized.

18. At the time that the aforesaid defendants seized Noble's vehicle, they did not have a warrant issued by a magistrate for the seizure of the vehicle.

19. At the time that the aforesaid defendants seized Noble's vehicle, Noble did not receive an opportunity for a pre-deprivation hearing.

20. Noble's vehicle was locked up somewhere and Noble was given no post-deprivation notice or hearing of any kind.

21. When it was towed, Noble's 1995 Dodge Intrepid contained an operable Stihl chainsaw valued (used) at $275.00 which was inoperable when Noble got it back.

22. Noble learned that Wyatt had towed his 1995 Dodge Intrepid from a

10

neighbor.

23. On April 10, 2010, Noble told Mott that the 1995 Dodge Intrepid had been wrongfully towed and he demanded that it be returned without expense to Noble.

24. Mott refused to return the 1995 Dodge Intrepid and its contents.

25. Noble paid a towing fee of $200.00 to Wyatt to get the 1995 Dodge Intrepid back, which Noble parked on the curtilage of his residential property in Elliott.

26 On or about April 9, 2010, the defendants, Village of Elliott, Illinois, Wyatt's Collision Repair, LLC, Tracy Mott, and Curtis Miller, acting under color of state law, knowingly, willfully, intentionally or recklessly and with a callous disregard for Robert Noble's constitutional rights, entered on his private property, and illegally seized his private property, while they did not so enter upon and take a great number of abandoned, junked and inoperable motor vehicles belonging to other, similarly situated real property owners of the Village of Elliott, and with no rational basis for the difference in treatment, in violation of 42 U.S.C. §1983, with the intention of depriving Robert Noble of the right to equal protection of the law as guaranteed by the Fourteenth Amendment to the Constitution of the United States, in contravention of firmly established federal law.

27. Robert Noble, as one property owner in the Village of Elliott who had a vehicle parked on his private property, is being singled out and is being arbitrarily treated differently than the other, similarly situated property owners who have one or more vehicles parked on their private properties, with no rational basis for the difference in treatment and the aforesaid governmental action was based solely on vindictiveness or animus.

28. The aforesaid actions by defendants, Village of Elliott and Mott were not a

11

legitimate exercise of governmental authority, but a vindictive desire to "get" Robert Noble and were the result of ill will and animus toward Noble.

29. As a proximate result of the defendants' illegal actions, Noble suffered economic damages, loss of property, humiliation, mental anguish, great indignity, resentment and great aggravation.

WHEREFORE, Plaintiff ROBERT NOBLE prays for judgment against defendants Village of Elliott, Illinois, Wyatt's Collision Repair, LLC, Tracy Mott, Curtis Miller, and County of Ford, Illinois, jointly and severally, as follows:

a. Compensatory damages in excess of $15,000.00;

b. Punitive Damages, as specifically allowed under 42 U.S.C. §1983;

c. Reasonable Attorney's Fees, as specifically allowed under 42 U.S.C. §1988;

d. The costs of suit incurred herein; and

e. For such other and further relief as this court deems just.

## COUNT IV - TRESPASS - ALLEGED AGAINST ALL DEFENDANTS

1. This is a civil action arising under the common law of the State of Illinois.

2. Plaintiff ROBERT NOBLE (Noble) was, at all times relevant, a resident of the Village of Elliott, Illinois.

3. Defendant TRACY MOTT (Mott) was, at all times relevant, the President of the Board of Trustees of the VILLAGE OF ELLIOTT, Illinois and he personally ordered the towing of Nobler's vehicle, sued in his individual capacity.

4. The VILLAGE OF ELLIOTT, ILLINOIS (Village) is a municipal corporation in the County of Ford, State of Illinois. The Village has an Ordinance that regulates Abandoned, Inoperable Motor Vehicles - Title 4, Chapter 1, Section 4-1-1 et seq, which was used to seize Noble's vehicle and this Ordinance is enforced in the Village

12

of Elliott by the Board of Trustees.

5. CURTIS MILLER (Miller) is a Deputy of the Sheriff of Ford County, an elected sheriff of the County of Ford, State of Illinois, sued in his individual capacity.

6. Defendant COUNTY OF FORD, ILLINOIS (County) is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 946 (7th Cir. 2003).

7. WYATT'S COLLISION REPAIR, LLC (Wyatt's) is a privately owned LLC which effected the actual towing of Noble's vehicle, under orders of Mott and Miller.

8. Noble owns a residential property in the Village of Elliott, located at 214 E. Market Street in an area zoned I-1 (Industrial).

9. On or about March 2010, Noble's son owned a 1989 Dodge Spirit which was parked on Noble's residential property, which was inoperable and covered by a tarp.

10. On or about March 2010, someone from the Village of Elliott and/or the Ford County Sheriff's Department came to Plaintiff's residential property and, pursuant to the Ordinance, placed a tow sticker on the 1989 Dodge Spirit, a car belonging to Noble's son, which was a notice that the 1989 Dodge Spirit would be towed if not put into compliance with the Ordinance.

11. No other vehicles owned by Noble were tagged in 2010.

12. One week after his 1989 Dodge Spirit was tagged, Noble's son sold that vehicle for scrap, in order to be in compliance with the Ordinance and later in March 2010 Noble personally informed Mott that the vehicle was gone.

13. On April 9, 2010, Mott and Miller entered upon Noble's private property at 214 E. Market Street, Elliott, IL and seized one (1) vehicle, a 1995 Dodge Intrepid, with the assistance of Wyatt who, at the orders and direction of Miller and Mott, used his tow truck to seize Nobel's aforesaid vehicle.

14. On the date that Noble's 1995 Dodge Intrepid was seized, none of the defendants had permission or governmental authority to enter upon Noble's property, which constituted a trespass.

15. On the date that Noble's 1995 Dodge Intrepid was seized, none of the defendants had a warrant issued by a magistrate for search or seizure.

16. The defendants seized Noble's 1995 Dodge Intrepid and an operable Stihl chainsaw contained within the vehicle which constituted a trespass.

17. Noble had the absolute and unconditional right to immediate possession of the 1995 Dodge Intrepid and the Stihl chainsaw.

18. Noble's chainsaw valued at $275.00 was inoperable when he got it back.

19. Noble paid a towing fee of $200.00 to Wyatt to get the 1995 Dodge Intrepid back, at which time the Stihl chainsaw was not in the vehicle.

20. The defendants' entry onto Noble's real property for purposes of illegally seizing his vehicle interfered with Noble's property right in the exclusive use of his property and constitutes an unlawful trespass.

21. The defendants' taking of Noble's chattels without process of law interfered with Noble's property right in the exclusive possession of his personal property and constitutes an unlawful trespass.

22. The defendants acted willfully and wantonly and in conscious disregard for Noble's property rights when they entered upon his real property and illegally seized his personal property as alleged herein.

23. As the proximate result of the aforesaid trespass, Robert Noble suffered economic loss, invasion of privacy, mental anguish, resentment and great aggravation.

19. Noble paid a towing fee of $200.00 to Wyatt to get the 1995 Dodge Intrepid back, at which time the Stihl chainsaw was not in the vehicle.

20. The defendants' entry onto Noble's real property for purposes of illegally seizing his vehicle interfered with Noble's property right in the exclusive use of his property and constitutes an unlawful trespass.

21. The defendants' taking of Noble's chattels without process of law interfered with Noble's property right in the exclusive possession of his personal property and constitutes an unlawful trespass.

22. The defendants acted willfully and wantonly and in conscious disregard for Noble's property rights when they entered upon his real property and illegally seized his personal property as alleged herein.

23. As the proximate result of the aforesaid trespass, Robert Noble suffered economic loss, invasion of privacy, mental anguish, resentment and great aggravation.

WHEREFORE, Plaintiff ROBERT NOBLE prays for judgment against defendants Village of Elliott, Illinois, Wyatt's Collision Repair, LLC, Tracy Mott, Curtis Miller, and County of Ford, Illinois, jointly and severally, as follows:

a. Compensatory damages to be determined at trial;

b. The costs of suit incurred herein, and

c. For such other and further relief as this court deems just.

April 3, 2012

ROBERT NOBLE, Plaintiff

By: _Jude M Redwood_

Mrs. Jude M. Redwood
ARDC #6257623
Redwood Law Office
P.O. Box 864
St. Joseph, IL 61873
(217) 469-9194
fax (217) 469-8094

## VERIFICATION

UNDER penalties as provided by law pursuant to §1-109 of the Illinois Code of Civil Procedure, the undersigned verifies that the statements set forth in this COMPLAINT are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he believes the same to be true.

3/29/12
Dated

ROBERT NOBLE, Plaintiff

Mrs. Jude M. Redwood
ARDC #6257623
Redwood Law Office
P.O. Box 864
St. Joseph, IL 61873
(217) 469-9194
fax (217) 469-8094

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
FORD COUNTY, ILLINOIS

| | |
|---|---|
| ROBERT NOBLE, | ) |
| Plaintiff, | ) |
| vs | ) 12-LM-7 |
| VILLAGE OF ELLIOTT, ILLINOIS, a municipal corporation, WYATT'S COLLISION, REPAIR, LLC, TRACY MOTT, in his individual capacity, CURTIS MILLER, in his individual capacity and FORD COUNTY, Illinois, A Municipal Corporation, | ) |
| Defendants. | ) |

## NOTICE

To: Village of Elliott Board, PO Box 155, Elliott, IL 60933

The enclosed summons and complaint are served pursuant to section 2-213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 days of the date of this Notice.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership) or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30 days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return the form to the sender, you (or the party on whose behalf you are being served) must answer the complaint within 60 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint was mailed on April 23, 2012

Dated: _April 23, 2012_

Mrs. Jude M. Redwood
Attorney for Plaintiff
REDWOOD LAW OFFICE
P.O. Box 864
St. Joseph, IL 61873
217-469-9194

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## FORD COUNTY, ILLINOIS

ROBERT NOBLE, )
)
    Plaintiff, )
)
vs )
) 12-LM-___7___
VILLAGE OF ELLIOTT, ILLINOIS, a )
municipal corporation, WYATT'S COLLISION, )
REPAIR, LLC, TRACY MOTT, in his )
individual capacity, CURTIS MILLER, in his )
individual capacity and FORD COUNTY, )
Illinois, A Municipal Corporation, )
)
    Defendants. )

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I DECLARE, UNDER PENALTY OF PERJURY, THAT I RECEIVED A COPY OF THE SUMMONS AND OF THE COMPLAINT IN THE ABOVE-CAPTIONED MATTER AT:

To: Village of Elliott Board, PO Box 155, Elliott, IL 60933

Print or Type Name: __Russell D. Ehlers__

__Mayor__
Relationship to Entity/Authority to receive service of process
(Not applicable if you are the named Defendant or Respondent)

Signature: __Russell D. Ehlers__

Date of Signature: __4-24-12__

Using stamped envelope provided, return to:

Mrs. Jude M. Redwood
Attorney for Defendant/Counter-Plaintiff
REDWOOD LAW OFFICE
P.O. Box 864
St. Joseph, IL 61873
217-469-9194

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
FORD COUNTY, ILLINOIS

| | |
|---|---|
| ROBERT NOBLE, <br><br> Plaintiff, <br><br> vs <br><br> VILLAGE OF ELLIOTT, ILLINOIS, a municipal corporation, WYATT'S COLLISION, REPAIR, LLC, TRACY MOTT, in his individual capacity, CURTIS MILLER, in his individual capacity and FORD COUNTY, Illinois, A Municipal Corporation, <br><br> Defendants. | 12-LM-7 |

## PROOF OF SERVICE

The undersigned Attorney for the Plaintiff hereby certifies that on this 23rd day of April, 2012, she served the Complaint on the Defendants named in this cause by mailing, with first class postage affixed, a copy of the Summons and Complaint, along with Waiver of Service forms as specified in section 2-213 of the Code of Civil Procedure and Supreme Court Rule 101 and a copy of each Summons, Notice and Acknowledgment is filed herein.

Dated: April 23, 2012                                          _/s/ Jude M Redwood_

Mrs. Jude M. Redwood
Attorney for Defendant/Counter-Plaintiff
REDWOOD LAW OFFICE
P.O. Box 864
St. Joseph, IL 61873
217-469-9194
fax 217-469-8094